Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 8330 59

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

COAL-MAC LLC
RYAN SCHWARTZ
3228 SUMMIT SQUARE PLACE
SUITE 180
LEXINGTON, KY 40509

| | |
|---|---|
| **Control Number:** 312030 | **Agent:** RYAN SCHWARTZ |
| **Defendant:** COAL-MAC LLC | **County:** Mingo |
| 3228 SUMMIT SQUARE PLACE | **Civil Action:** 23-C-106 |
| SUITE 180 | **Certified Number:** 92148901125134100003833059 |
| LEXINGTON, KY 40509 US | **Service Date:** 9/5/2023 |

I am enclosing:

**1 summons and verified complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Mac Warner
Secretary of State

EXHIBIT 1

# SUMMONS

E-FILED | 8/31/2023 10:18 AM
CC-30-2023-C-106
Mingo County Circuit Clerk
Lonnie Hannah

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA
### Timothy Hall v. Coal-Mac, LLC

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Coal-Mac, LLC, 3228 Summit Square Place, Suite 180, Lexington, KY 40509

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Nathan Brown, PO Box 401, Williamson, WV 25661

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 8/31/2023 10:18:03 AM | /s/ Lonnie Hannah |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



E-FILED | 8/31/2023 10:18 AM
CC-30-2023-C-106
Mingo County Circuit Clerk
Lonnie Hannah

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

TIMOTHY HALL                                        CIVIL ACTION NO:
                    Plaintiffs,

v.

COAL-MAC, LLC, a Kentucky
Limited Liability Company, and
PHOENIX COAL HOLDINGS, LLC
a West Virginia Limited Liability Company.

                    Defendants.

## VERIFIED COMPLAINT

Plaintiff, by and through counsel, and files their Complaint against the Defendants and respectfully allege, aver, complain, and seek judgment against the Defendants based on the following facts and causes of action.

## PARTIES

1.      At all times herein, the Plaintiff was a resident,  and a citizen of Mingo County, West Virginia residing at Ragland, West Virginia.

2.      At all times herein, the Defendant, Coal-Mac, LLC, with a designated office address of 124522 Mine Road, Holden, West Virginia 25625, operated a surface coal mine located in or around the Ragland area of Mingo County, West Virginia.

3.      At all times herein, the Defendant, Phoenix Coal Holdings, LLC, with a designated office address of 1245 22 Mine Road, Holden, West Virginia 25625, engaged in the operation of a surface coal mine located in or around the Ragland area of Mingo County, West Virginia.

1

## JURISDICTION AND VENUE

4.      This action is being brought in part under and pursuant to codified provisions of West Virginia law and under recognized theories of common law and/or case law existing and valid in the State of West Virginia.

5.      Jurisdiction is proper in the Circuit Court of Mingo County, West Virginia as all acts and omissions, as set forth herein, occurred in Mingo County, West Virginia where the Plaintiffs' property is located.

6.      Pursuant to the provisions of W.Va. Code § 56-1-1 et. al., venue is appropriate in this Court because all of the events giving rise to the underlying claims made herein this Complaint occurred in and/or continuing to occur in Ragland, Mingo County, West Virginia where the Plaintiffs' property is located.

7.      Defendants conducted business in Mingo County, thus further rendering venue and jurisdiction appropriate in the Circuit Court of Mingo County, West Virginia.

## FACTS

8.      The Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

9.      The Plaintiff is a owner of certain real and personal property located in Ragland, West Virginia.

10.     The Defendants owned and operated a coal mine located in or around the Plaintiffs' property.

11.     Upon information and belief, the Defendant Coal-Mac operated the subject coal mine, while Defendant Phoenix provided management and/or oversight to the Coal-Mac operation.

Both have failed and neglected their duties to provide a safe mining environment with regards to the allegations herein and has resulted in damage to the Plaintiffs.

12.     According to MSHA records, John M. Potter is the controller of the mining property.

13.     That all Plaintiff lived and resided in his real property at the time of complaints alleged herein.

14.     On or about February 17, 2023, mudslide event occurred in or around Plaintiff's property causing substantial damage to the Plaintiff's home and other personal property items.

15.     According to the West Virginia Department of Environmental Protection, the cause of mudslide is attributable to Defendant Coal-Mac's failure to maintain its sediment ditch berm which was located above the Plaintiffs' property.

16.     The breach of the sediment ditch berm caused massive amounts of water to cascade onto Plaintiffs' property thereby destroying Plaintiffs' property.

17.     As a result of the Defendants' action, the "The WVDEP issued an Imminent Harm Cessation Order (IHCO) and required Coal-Mac to immediately open access to the community, get the impacted residents a place to stay, stabilize/ repair the permitted area that caused the slide, and remove all mud and debris from the homes."

18.     That because of the Defendants' actions, the Plaintiff has been displaced from his home was forced to reside in hotel located in Logan County, West Virginia.

19.     The Plaintiff now resides with his parents in Harts, West Virginia, which is more than one hour a day each way from his daily work commute.

20.     That damage to Plaintiff's homes includes, but is not limited to, damage to the home's structure, mold and water damage, a compromised water source, a damaged septic system, loss of certain personal property, a loss of a HVAC unit, and other damage not mentioned herein.

21.     Further the Plaintiff has suffered from loss of use from the property he enjoyed as a result of the Defendants' actions.

## Count I - Negligence

22.     The Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

23.     Defendants have and had a duty to maintain the property in a proper state to ensure the property did not negatively affect the Plaintiffs' use and enjoyment of their property which abuts the property at issue in this matter. The Defendants had and have a duty to promptly and properly remedy any defects to the property caused by its use so that same did not cause damage to the Plaintiffs' property.

24.     Defendants were negligent and breached those duties owed to the Plaintiff resulting in great harm to Plaintiff for which judgment is sought below.

## Count II - Trespass

25.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

26.     The Plaintiff owns property as more thoroughly described herein the Complaint.

27.     The Defendants, through their actions or inactions, have entered Plaintiff's land without consent for the same and without being allowed to do so under any other existing privilege or right.

4

28.     The Plaintiff has been damaged as a result of the trespass created or maintained by Defendants.

### Count III – Strict Liability

29.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

30.     Defendants are strictly liable to Plaintiff for their actions, or inactions, to adequately maintain their property.

31.     The Defendants have a legally recognized duty to properly maintain its property, including but not limited to proper water drainage, and to ensure the property, or any material or substance emanating from the property, does not escape the boundaries of the Defendants' property thereby causing damage to adjacent landowners, including the Plaintiff.

32.     The Defendants are liable to property owners such as the Plaintiff for any and all damages proximately caused by their failure to properly maintain and keep in good repair the land which abuts the Plaintiff's property.

### Count IV – Violations of the Surface Coal Mining and Reclamation Act

33.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

34.     Defendants are required to keep and maintain the property in a manner in which would not cause harm to the Plaintiff.

35.     It is clear that Defendants have a responsibility and duty to ensure that mining is performed in a manner that does not cause or contribute to flooding damage to the property owners in or around the mining property.

5

36.     As operators and mining entities, Defendants have a continuing duty to employ and monitor measures designed to mitigate water run-off on mining properties caused by the mining or change of the land contour during the mining process.

37.     By failing to employ these reasonable measures, Defendants have caused great damage to the Plaintiff.

38.     The purposes of SCMRA is to "expand the established and effective statewide program to protect the public and the environment from the adverse effects of surface-mining operations." See W. Va. Code § 22-3-2(b)(1).

39.     The adverse effects of Defendants' mining practices and water retention are a direct and proximate cause of Plaintiff's damage.

40.     With reasonable oversight, the subject damage of Plaintiff's home and loss of personal property could have been avoided.

41.     Defendants' mining practices negligence has contributed to or caused the Plaintiff's damages, including but not limited to, the loss of property, mental distress, aggravation, loss of use of the property, and inconvenience/annoyance.

## Count V – Punitive Damages

42.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

43.     The Defendants have acted negligently, recklessly, and/or with willful and wanton disregard for its actions as described herein stemming from the flooding of Plaintiff's property and destruction of the home and its contents.

44.     The said negligent, reckless, and/or wanton conduct has caused harm to the Plaintiff, and in fact, continue to cause harm to the Plaintiff.

6

45.     Under the laws of West Virginia, the Defendants' actions, as described herein, are so egregious that Plaintiff is entitled to an award of punitive damages against the Defendants.

Wherefore, the Plaintiff having set forth all of its known claims against these Defendants, seek the following damages from these Defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Equitable relief;

    d.  For the actual cost of this action, including actual attorney fees and cost, along with pre and post judgment interest; and

    e.  A grant of any and all such other and further relief as this Honorable Court may deem to be proper and just given the particular circumstances of the Civil Action.

**PLAINTIFFS DEMAND A JURY ON ALL ISSUES TRIABLE BY A JURY.**

Plaintiff, Timothy Hall
By Counsel,

*/s/ Nathan D. Brown*
Nathan D. Brown (WVSB# 12264)
Ferrell & Brown, PLLC
PO Box 401
Williamson, West Virginia 25661
304.235.5674 – p
304.235.5675 – f
Nathan@ferrellandbrown.com

7

Vinesign Document ID: 935264AB-2D5E-40BA-BE0F-4F3F3BAF4

E-FILED | 8/31/2023 10:18 AM
CC-30-2023-C-106
Mingo County Circuit Clerk
Lonnie Hannah

## VERIFICATION OF THE COMPLAINT

STATE OF _WV_

COUNTY OF _Mingo_ **TO-WIT:**

This day appeared before me ___Timothy Hall___ , affiant, who having first been duly sworn, deposes and states that the facts and allegations contained in the foregoing document(s) are true to the best of his/her knowledge, belief, and information.

_____
AFFIANT

Taken and subscribed, and sworn to before me in my aforesaid County and State on the _29_ day of _August_ , 2023.

My commission expires: _March 19 2028_

_____
Notary Public

OFFICAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tracie Meadows
61 Happy Hill Rd.
Williamson WV 25661
My Commission Expires March 19, 2028

The signed document can be validated at https://app.vinesign.com/Verify

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 8330 66

PHOENIX COAL HOLDINGS, LLC
RYAN SCHWARTZ
3228 SUMMIT SQUARE PLACE
SUITE 180
LEXINGTON, KY 40509



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

| | | | |
|---|---|---|---|
| **Control Number:** 312031 | | **Agent:** RYAN SCHWARTZ | |
| **Defendant:** PHOENIX COAL HOLDINGS, LLC | | **County:** Mingo | |
| 3228 SUMMIT SQUARE PLACE | | **Civil Action:** 23-C-106 | |
| SUITE 180 | | **Certified Number:** 92148901125134100003833066 | |
| LEXINGTON, KY 40509 US | | **Service Date:** 9/5/2023 | |

I am enclosing:

**1 summons and verified complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS

E-FILED | 8/31/2023 10:18 AM
CC-30-2023-C-106
Mingo County Circuit Clerk
Lonnie Hannah

### IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA
### Timothy Hall v. Coal-Mac, LLC

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Phoenix Coal Holdings, LLC, 3228 Summit Square Place, Suite 180, Lexington, KY 40509

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Nathan Brown, PO Box 401, Williamson, WV 25661

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 8/31/2023 10:18:03 AM | /s/ Lonnie Hannah |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

E-FILED | 8/31/2023 10:18 AM
CC-30-2023-C-106
Mingo County Circuit Clerk
Lonnie Hannah

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

TIMOTHY HALL                                                    CIVIL ACTION NO:
             Plaintiffs,

v.

COAL-MAC, LLC, a Kentucky
Limited Liability Company, and
PHOENIX COAL HOLDINGS, LLC
a West Virginia Limited Liability Company.

             Defendants.

## **VERIFIED COMPLAINT**

Plaintiff, by and through counsel, and files their Complaint against the Defendants and respectfully allege, aver, complain, and seek judgment against the Defendants based on the following facts and causes of action.

## **PARTIES**

1.      At all times herein, the Plaintiff was a resident,  and a citizen of Mingo County, West Virginia residing at Ragland, West Virginia.

2.      At all times herein, the Defendant, Coal-Mac, LLC, with a designated office address of 124522 Mine Road, Holden, West Virginia 25625, operated a surface coal mine located in or around the Ragland area of Mingo County, West Virginia.

3.      At all times herein, the Defendant, Phoenix Coal Holdings, LLC, with a designated office address of 1245 22 Mine Road, Holden, West Virginia 25625, engaged in the operation of a surface coal mine located in or around the Ragland area of Mingo County, West Virginia.

## JURISDICTION AND VENUE

4.      This action is being brought in part under and pursuant to codified provisions of West Virginia law and under recognized theories of common law and/or case law existing and valid in the State of West Virginia.

5.      Jurisdiction is proper in the Circuit Court of Mingo County, West Virginia as all acts and omissions, as set forth herein, occurred in Mingo County, West Virginia where the Plaintiffs' property is located.

6.      Pursuant to the provisions of W.Va. Code § 56-1-1 et. al., venue is appropriate in this Court because all of the events giving rise to the underlying claims made herein this Complaint occurred in and/or continuing to occur in Ragland, Mingo County, West Virginia where the Plaintiffs' property is located.

7.      Defendants conducted business in Mingo County, thus further rendering venue and jurisdiction appropriate in the Circuit Court of Mingo County, West Virginia.

## FACTS

8.      The Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

9.      The Plaintiff is a owner of certain real and personal property located in Ragland, West Virginia.

10.     The Defendants owned and operated a coal mine located in or around the Plaintiffs' property.

11.     Upon information and belief, the Defendant Coal-Mac operated the subject coal mine, while Defendant Phoenix provided management and/or oversight to the Coal-Mac operation.

2

Both have failed and neglected their duties to provide a safe mining environment with regards to the allegations herein and has resulted in damage to the Plaintiffs.

12.    According to MSHA records, John M. Potter is the controller of the mining property.

13.    That all Plaintiff lived and resided in his real property at the time of complaints alleged herein.

14.    On or about February 17, 2023, mudslide event occurred in or around Plaintiff's property causing substantial damage to the Plaintiff's home and other personal property items.

15.    According to the West Virginia Department of Environmental Protection, the cause of mudslide is attributable to Defendant Coal-Mac's failure to maintain its sediment ditch berm which was located above the Plaintiffs' property.

16.    The breach of the sediment ditch berm caused massive amounts of water to cascade onto Plaintiffs' property thereby destroying Plaintiffs' property.

17.    As a result of the Defendants' action, the "The WVDEP issued an Imminent Harm Cessation Order (IHCO) and required Coal-Mac to immediately open access to the community, get the impacted residents a place to stay, stabilize/ repair the permitted area that caused the slide, and remove all mud and debris from the homes."

18.    That because of the Defendants' actions, the Plaintiff has been displaced from his home was forced to reside in hotel located in Logan County, West Virginia.

19.    The Plaintiff now resides with his parents in Harts, West Virginia, which is more than one hour a day each way from his daily work commute.

20.      That damage to Plaintiff's homes includes, but is not limited to, damage to the home's structure, mold and water damage, a compromised water source, a damaged septic system, loss of certain personal property, a loss of a HVAC unit, and other damage not mentioned herein.

21.      Further the Plaintiff has suffered from loss of use from the property he enjoyed as a result of the Defendants' actions.

## Count I - Negligence

22.      The Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

23.      Defendants have and had a duty to maintain the property in a proper state to ensure the property did not negatively affect the Plaintiffs' use and enjoyment of their property which abuts the property at issue in this matter. The Defendants had and have a duty to promptly and properly remedy any defects to the property caused by its use so that same did not cause damage to the Plaintiffs' property.

24.      Defendants were negligent and breached those duties owed to the Plaintiff resulting in great harm to Plaintiff for which judgment is sought below.

## Count II - Trespass

25.      The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

26.      The Plaintiff owns property as more thoroughly described herein the Complaint.

27.      The Defendants, through their actions or inactions, have entered Plaintiff's land without consent for the same and without being allowed to do so under any other existing privilege or right.

4

28.     The Plaintiff has been damaged as a result of the trespass created or maintained by Defendants.

### Count III – Strict Liability

29.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

30.     Defendants are strictly liable to Plaintiff for their actions, or inactions, to adequately maintain their property.

31.     The Defendants have a legally recognized duty to properly maintain its property, including but not limited to proper water drainage, and to ensure the property, or any material or substance emanating from the property, does not escape the boundaries of the Defendants' property thereby causing damage to adjacent landowners, including the Plaintiff.

32.     The Defendants are liable to property owners such as the Plaintiff for any and all damages proximately caused by their failure to properly maintain and keep in good repair the land which abuts the Plaintiff's property.

### Count IV – Violations of the Surface Coal Mining and Reclamation Act

33.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

34.     Defendants are required to keep and maintain the property in a manner in which would not cause harm to the Plaintiff.

35.     It is clear that Defendants have a responsibility and duty to ensure that mining is performed in a manner that does not cause or contribute to flooding damage to the property owners in or around the mining property.

5

36.     As operators and mining entities, Defendants have a continuing duty to employ and monitor measures designed to mitigate water run-off on mining properties caused by the mining or change of the land contour during the mining process.

37.     By failing to employ these reasonable measures, Defendants have caused great damage to the Plaintiff.

38.     The purposes of SCMRA is to "expand the established and effective statewide program to protect the public and the environment from the adverse effects of surface-mining operations." See W. Va. Code § 22-3-2(b)(1).

39.     The adverse effects of Defendants' mining practices and water retention are a direct and proximate cause of Plaintiff's damage.

40.     With reasonable oversight, the subject damage of Plaintiff's home and loss of personal property could have been avoided.

41.     Defendants' mining practices negligence has contributed to or caused the Plaintiff's damages, including but not limited to, the loss of property, mental distress, aggravation, loss of use of the property, and inconvenience/annoyance.

**Count V – Punitive Damages**

42.     The Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if stated verbatim herein.

43.     The Defendants have acted negligently, recklessly, and/or with willful and wanton disregard for its actions as described herein stemming from the flooding of Plaintiff's property and destruction of the home and its contents.

44.     The said negligent, reckless, and/or wanton conduct has caused harm to the Plaintiff, and in fact, continue to cause harm to the Plaintiff.

6

45.     Under the laws of West Virginia, the Defendants' actions, as described herein, are so egregious that Plaintiff is entitled to an award of punitive damages against the Defendants.

Wherefore, the Plaintiff having set forth all of its known claims against these Defendants, seek the following damages from these Defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  Equitable relief;

d.  For the actual cost of this action, including actual attorney fees and cost, along with pre and post judgment interest; and

e.  A grant of any and all such other and further relief as this Honorable Court may deem to be proper and just given the particular circumstances of the Civil Action.

**PLAINTIFFS DEMAND A JURY ON ALL ISSUES TRIABLE BY A JURY.**

Plaintiff, Timothy Hall
By Counsel,

*/s/ Nathan D. Brown*
Nathan D. Brown (WVSB# 12264)
Ferrell & Brown, PLLC
PO Box 401
Williamson, West Virginia 25661
304.235.5674 – p
304.235.5675 – f
Nathan@ferrellandbrown.com

7

Vinesign Document ID: 935264AB-2D5E-40BA-BE0F-4F3F3BAF4

E-FILED | 8/31/2023 10:18 AM
CC-30-2023-C-106
Mingo County Circuit Clerk
Lonnie Hannah

## VERIFICATION OF THE COMPLAINT

STATE OF _WV_

COUNTY OF _Mingo_ TO-WIT:

     This day appeared before me _Timothy Hall_, affiant, who having first been duly sworn, deposes and states that the facts and allegations contained in the foregoing document(s) are true to the best of his/her knowledge, belief, and information.

_____
AFFIANT

     Taken and subscribed, and sworn to before me in my aforesaid County and State on the _29_ day of _August_, 2023.

My commission expires: _March 19 2028_

_____
Notary Public

OFFICAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tracie Meadows
61 Happy Hill Rd.
Williamson WV 25661
My Commission Expires March 19, 2028

The signed document can be validated at https://app.vinesign.com/Verify